# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 89-CR-0091-005-TCK |
| v. ) | |
| ) | USM Number: 06293-062 |
| REGGIE LEROY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is the motion of Defendant for reduction of sentence pursuant to 18 U.S.C. § 3582(c) citing retroactive Amendment 750 (Doc. 423), and appointment of counsel, submitted as part of document 423 (Doc. 424). At the original sentencing, the Court imposed a sentence of 320 months as to Count One of the Superseding Indictment. The Court found the Defendant conspired with others to distribute four kilograms[1] of crack cocaine, resulting in a base offense level 36. The Court increased the sentence by two levels for possession of a firearm and other dangerous weapons, and further enhanced the sentence two levels for managing the conspiracy, resulting in a total offense level of 40 and a sentencing range of 292 to 365 months.

Defendant moves for modification of sentence based on retroactive Amendment 750, which revised USSG § 2D1.1, reducing the base offense level in many cases involving crack cocaine. The Defendant was originally sentenced in 1992 under the 1988 version of the Sentencing Guidelines. This guideline version provided for a base offense level 36 for offenses involving four kilograms of crack cocaine. Consideration of Amendment 750 provides for no adjustment in sentence, because

---

[1] The quantity of crack cocaine attributable to the Defendant was upheld in United States v. LeRoy, 984F.2d 1095 (10th Cir. 1993).

four kilograms of crack cocaine under the Amendment 750-revised guideline also calls for base offense level 36. This anomaly was created because over the years the Sentencing Commission has oscillated back and forth, raising and then lowering § 2D1.1(c) drug table quantities and the value attributed to those quantities.[2] The end result is that the base offense level in effect at the time of Defendant's original sentencing is the same as determined under Amendment 750. Application of Amendment 750 results in base offense level 36, combined with a two-level enhancement for possession of a weapons and a two-level increase for role in the conspiracy, equates to a total offense level 40 and a sentencing range of 292 to 365 months, the same sentencing range as applied originally.

Since Amendment 750 does not provide for a lesser guideline range, the amendment is inapplicable to this case. A reduction of a term of imprisonment is not authorized by § 3582(c) if the retroactive amendment does not have the effect of lowering a defendant's guideline range. USSG §1B1.10(a)(2)(B). As the facts establish that Defendant's sentence is not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, this Court is without jurisdiction to consider a reduction of sentence under § 3582(c). See United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996).

---

[2] The 1988 version of the Sentencing Guidelines applied base offense level 36 in § 2D1.1for offenses involving in excess of 500 grams of crack cocaine. In 1990 § 2D1.1was amended to increase the maximum base offense level from level 36 to level 42 to account for offenses involving large quantities of controlled substances. In 1994 retroactive Amendment 505 revised § 2D1.1 to lower the maximum base offense level to level 38 for offenses involving more than 1.5 kilograms of crack cocaine. In November 2007 retroactive Amendment 706 revised this section again, to provide for a maximum base offense level 38 for offenses involving more than 4.5 kilograms of crack cocaine. This amendment further revised § 2D1.1 to provide for base offense level 36 for offenses involving at least 1.5 kilograms but less than 4.5 kilograms of crack cocaine. Retroactive Amendment 750 revised § 2D1.1 once again to provide for base offense level 36 for offenses involving at least 2.8 kilograms but less than 8.4 kilograms of crack cocaine.

The Court has carefully analyzed Amendment 750's effect and has concluded the Defendant is not entitled to a sentence reduction for reasons stated herein. Accordingly, appointment of counsel to aid in this purpose would be futile. Moreover, a defendant is not entitled to appointment of counsel in pursuit of sentence modification under § 3582(c). See <u>United States v. Legree</u>, 205 F.3d at 729-30 (4th Cir. 2000) (concluding that there is no right to assistance of counsel when pursuing relief under 18 U.S.C. § 3582(c)); <u>United States v. Tidwell</u>, 178 F.3d 946, 949 (7th Cir. 1999); <u>Townsend</u>, 98 F.3d 510, 512-13; <u>United States v. Reddick</u>, 52 F.3d 462, 464 (2nd Cir.1995).

**IT IS THEREFORE ORDERED** that Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Doc. 423) is **dismissed for lack of jurisdiction**. Defendant's request for appointment of counsel (Doc. 424) is **denied**.

**DATED** this 28th day of November, 2011.

*/s/ Terence Kern*
**TERENCE KERN**
**United States District Judge**