# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 89-CR-91-TCK |
| DARREN L. HARRIS, | ) ) ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

Before the Court is Petitioner's Motion Pursuant to Rule 60(b)(6) to Reopen the Judgment/Order Entered Under Title 28 U.S.C. § 2255 (Doc. 409).

**I.  Background**

On September 6, 1989, a federal grand jury charged Defendant Darren Harris ("Harris") and five codefendants in a conspiracy to distribute controlled substances. Following conviction by a jury, United States District Judge Dale Cook sentenced Harris to 360 months imprisonment on February 14, 1990 ("1990 Judgment"). Harris appealed the 1990 Judgment. On September 27, 1990, while his direct appeal was pending, Harris filed a motion under 28 U.S.C. § 2255 ("1990 § 2255 Motion"). On October 4, 1990, Judge Cook denied Harris's 1990 § 2255 motion. Judge Cook noted that the pendency of Harris's direct appeal did not pose a jurisdictional bar, and that the Tenth Circuit had already rejected the one issue raised in Harris's motion – namely, that the federal sentencing guidelines were unconstitutional.

On direct appeal, the Tenth Circuit affirmed Harris's conviction but remanded for the district court to make required findings regarding Harris's objections to the Presentence Investigation Report. *United States v. Harris*, 944 F.2d 784 (10th Cir. 1991), cert. denied, *Harris v. United States*,

502 U.S. 1044 (1992). On remand, Judge Cook "made additional findings affecting drug quantities: in particular, that Harris was responsible for four kilograms of crack cocaine, given the amount of time that Harris was involved in the conspiracy." *United States v. Harris*, 347 Fed. App'x 363, 364 (10th Cir. 2009). Based on these drug quantity findings, Judge Cook again sentenced Harris to 360 months imprisonment and entered an amended judgment on April 14, 1992 ("1992 Judgment"). Harris appealed the 1992 Judgment, and the Tenth Circuit affirmed his sentence. *United States v. Harris*, 984 F.2d 1095 (10th Cir. 1993).

On April 16, 1997, Harris filed another § 2255 motion ("1997 § 2255 Motion"), asserting four grounds for relief: (1) ineffective assistance of trial counsel for failing to file a pretrial motion challenging whether Harris's participation in the conspiracy was after his eighteenth birthday; (2) ineffective assistance of trial counsel for failing to obtain police reports in pretrial discovery; (3) ineffective assistance of trial counsel for failing to object to police officer's opinion testimony; and (4) ineffective assistance of counsel for failing to challenge prosecutorial misconduct. Judge Cook concluded that the motion was a second or successive § 2255 motion over which the Court lacked jurisdiction and transferred the motion to the Tenth Circuit pursuant to 28 U.S.C. § 1631.

Harris then moved the Court to reconsider its decision that the 1997 § 2255 Motion was second or successive, arguing that the 1990 § 2255 did not qualify as a first § 2255 motion because it was filed while Harris's direct appeal was pending. Judge Cook found that "[c]ontrary to Harris's argument, the Court did not find in its October 4, order that a jurisdictional bar precluded the filing and consideration of a § 2255 filed during the pendency of Harris' appeal." (*See* Doc. 228.) Rather, the Court made a substantive determination that the argument presented in in the 1990 § 2255 Motion was "meritless." *Id.* Judge Cook concluded that "it is clear that Harris has previously filed

2

a § 2255 motion, and that such motion was considered and rejected on the merits." *Id.* Thus, Judge Cook held that he had properly deemed the 1997 § 2255 Motion as a second or successive § 2255 motion. On June 13, 1997, the Tenth Circuit denied authorization to file a successive § 2255 motion.

In 2000, Harris filed a petition for permission to file a successive § 2255 with the Tenth Circuit, which was denied. In 2008, Harris moved for appointment of counsel to aid him in petitioning the Court for a sentence reduction under Amendment 706 to the United States Sentencing Guidelines. Judge Cook denied the motion, finding that because Harris's sentence was based upon 4.5 kilograms of cocaine base, Amendment 706 did not reduce Harris's offense level.

In 2009, Harris again moved for appointment of counsel and for a sentence reduction under Amendment 706, *Kimbrough v. United States*, 128 S. Ct. 558 (2007), and *United States v. Booker*, 543 U.S. 220 (2005). Judge Cook denied both motions, again noting that the quantity of cocaine base attributed to Harris rendered him ineligible for relief under Amendment 706. Harris appealed, and the Tenth Circuit affirmed the denial. *United States v. Harris*, 347 F. App'x 363 (10th Cir. 2009).

On October 7, 2011, Harris filed the currently pending motion entitled "Petitioner's Motion Pursuant to Rule 60(b)(6) to Reopen the Judgment/Order entered under Title 28 U.S.C. § 2255." Therein, Harris raises four arguments: (1) Judge Cook's conclusion that the 1997 § 2255 motion was a second or successive § 2255 motion must be reconsidered and vacated in light of the Supreme Court's decision in *Magwood v. Patterson*, 130 S. Ct. 2788 (2010) ("Procedural Claim"); (2) his counsel was ineffective during the 1992 resentencing proceedings because counsel failed to warn Harris that the Court "could resentence to a higher drug amount than what was charged in the

3

indictment and presented to a jury"(Mot. 4) ("Ineffective Assistance Claim"); (3) the Court erred by failing to decrease Harris's offense level based on his status as a minimal or minor participant in the offense ("Minor Participant Claim"); and (4) his sentence should be reduced because 2010 amendments to § 4A1.1(e) of the United States Sentencing Guidelines function to remove "recency points" included in his base offense level ("Recency Points Claim"). The Ineffective Assistance Claim, Minor Participant Claim, and Recency Points Claim are collectively referred to as the "Substantive Claims."

## II. Court's Characterization of Motion

First, the Court must determine to what extent Harris's motion arises under Rule 60(b) or is actually a second or successive § 2255 motion. *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) ("We begin our analysis by construing [the petitioner's] motion."). If it is a successive § 2255 motion, this Court lacks jurisdiction to deny the relief sought. *See id.* ("As a result, if the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading."). This is because a second or successive § 2255 motion "cannot be filed in district court without approval" by the Tenth Circuit. *See id.*; *see also* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain (1) newly discovered evidence . . ., or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). In contrast, if it is a true Rule 60(b) motion, this Court has jurisdiction to consider the motion. *See id.*

A motion styled as a Rule 60(b) motion "is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."

4

*Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006); *see also Nelson*, 465 F.3d at 1148 (a motion that claims "'the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law'" must be considered a successive § 2255 motion) (quoting 28 U.S.C. § 2255)). "Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas*, 464 F.3d at 1215-16 (internal citations omitted); *see also In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (same).

The Procedural Claim – namely, whether Judge Cook's classification of the 1997 § 2255 Motion as a successive § 2255 motion – is a true Rule 60(b) motion because it challenges a procedural ruling that precluded a merits determination. The United States concedes this point. (*See* Resp. to Def.'s Rule 60(b) Mot. 7 ("[T]o the extent that Harris's motion challenges the district court's transfer of his 1997 § 2255 motion to the Tenth Circuit as second or successive, he raises a procedural challenge properly brought under Rule 60(b)."). Therefore, the Court has jurisdiction to consider the Procedural Claim under Rule 60(b). In contrast, the Substantive Claims attack the sentence imposed in the 1992 Judgment. Therefore, the Court lacks jurisdiction to consider such arguments if the current filing is deemed "second or successive" to the 1990 § 2255 Motion and/or the 1997 § 2255 Motion. This question is addressed below in Part IV.

### III. Procedural Claim

#### A. Standard

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F .2d 1241, 1243 (10th Cir.1991); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment." *Van Skiver*, 952 F.2d at 1243-44. According to Rule 60, a court may grant relief from judgment for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In the habeas context, the Supreme Court has stated that "Rule 60(b) has an unquestionably valid role to play," but also that Rule 60(b) requires extraordinary circumstances and is not intended to "expose federal courts to an avalanche of frivolous post-judgment motions." *Gonzalez v. Crosby*, 545 U.S. 524, 534-35 (2005). Generally, a change in substantive law is not a basis for relief pursuant to Rules 60(b)(5) or (6). *See Gonzalez*, 125 S. Ct. at 2647 (explaining that a Rule 60(b) motion should not be used to "circumvent" 28 U.S.C. § 2244(b)(2)(A), which permits second habeas petitions only where "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"); *Agostini v. Felton*,

521 U.S. 203, 239 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6) . . . ."). However, a change in law that applies retroactively to cases on collateral review may constitute "extraordinary circumstances" justifying relief under Rule 60(b). *See Benjamin v. Jacobson*, 172 F.3d 144, 178 (2d Cir. 1999) ("A post judgment change in the law having retroactive application may, in special circumstances, constitute an extraordinary circumstance warranting vacation of a judgment."); *Cox v. Wyrick*, 873 F.2d 200, 201 (8th Cir.1989) ("A change in law having retroactive application may, in appropriate circumstances, provide the basis for granting relief under Rule 60(b).").[1]

**B.** *Magwood v. Patterson*

Harris argues that the Supreme Court's decision in *Magwood v. Patterson*, ___ U.S.____, ____, 130 S. Ct. 2788, 2792 (2010), is a change in law requiring the Court to vacate Judge Cook's classification of his 1997 § 2255 Motion as second or successive and reopen that proceeding. In *Magwood*, an Alabama state prisoner was convicted of murder and sentenced to death. *Id.* at 2792-93. Magwood filed a 28 U.S.C. § 2254 petition in federal court and obtained a stay of execution and a conditional write pending resentencing. *Id.* at 2793. Upon resentencing, the court again sentenced Magwood to death. *Id.* Magwood then filed a second § 2254 petition, arguing a lack of fair warning that his conduct could result in a death sentence and ineffective assistance of counsel during the resentencing proceeding. *Id.* at 2794. On appeal from the district court's conditional grant of the

---

[1] A new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, also provides a basis for permitting a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h)(2). Because Harris filed his motion in this Court as one pursuant to Rule 60(b), and because this particular change in law affects a procedural ruling that prohibited a merits-based determination of the 1997 § 2255 motion, the Court believes that *Gonzalez* and its progeny require the Court to decide the Rule 60(b) motion in the first instance.

7

writ, the Eleventh Circuit reversed and held that the second petition was a "second or successive application" under 28 U.S.C. § 2244(b)(3)(A) for which Magwood had not obtained authorization. *Id.* at 2794-95.

The Supreme Court reversed the Eleventh Circuit, holding that the "second-in-time" § 2254 petition was not "second or successive," as that term of art is used in the relevant habeas statutes, because it was the first petition "challenging the intervening judgment." *Magwood*, 130 S. Ct. at 2801. The Court reasoned that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged[,]" and that, where "there is a new judgment intervening between the two habeas petitions, . . . an application challenging the resulting new judgment is not 'second or successive' at all." *Id.* at 2797, 2802 (internal quotation marks omitted).[2] The Court essentially held that the petitioner was asserting a "new error" that was committed a second time, even if the same error occurred during the first prcoeeding. *See Campbell*, 447 Fed. Appx. at 27 ("[B]ecause Magwood's challenges, including his fair-warning challenge, applied to the death sentence imposed at resentencing, they asserted "new error" that effectively was committed a second time.").

The Supreme Court has indicated that *Magwood* has retroactive effect to cases on collateral review and that *Magwood* applies to § 2255 motions. *Garza v. United States*, ___ U.S. ___, 131 S. Ct. 1469 (2011) (vacating Fifth Circuit decision affirming an order from the district court dismissing a federal prisoner's 28 U.S.C. § 2255 motion as second or successive and remanding "for further consideration in light of *Magwood* . . . ."); *Campbell v. Sec'y for Dep't of Corr.*, 447 Fed.

---

[2] The dissent in *Magwood* reasoned that Congress did not intend the result reached by the majority – namely, that a petitioner who "prevailed in his attack on one part of his sentencing proceeding the first time around [would be] . . . free, postsentencing, to pursue claims on federal habeas review that might have been raised earlier." *Magwood*, 130 S. Ct. at 2811 (Kennedy, J., dissenting).

8

Appx. 25, 28 (11th Cir. 2011) ("We also observe that the Supreme Court has suggested that *Magwood* applies retroactively to cases on collateral review."); *Betzner v. United States*, 470 Fed. Appx. 744, 746 (11th Cir. 2012) ("The Supreme Court has indicated that *Magwood* applies retroactively to cases on collateral review and to cases involving section 2255 motions.") (citing *Garza*). Therefore, the Court concludes that (1) *Magwood* applies to § 2255 motions, and (2) *Magwood* applies retroactively to cases on collateral review.[3]

## C. Discussion

The Court must now determine whether the *Magwood* rule applies to the facts presented – namely, where the second habeas motion challenges the underlying conviction rather than the resentencing proceeding. All claims raised by Harris in the 1997 § 2255 Motion related to counsel's performance during the trial and not the resentencing proceeding held in 1992. The United States argues that, because the 1992 Judgment did not alter the underlying conviction challenged in the 1997 § 2255 Motion, the *Magwood* rule should not apply in this case.

This appears to be an open question following *Magwood*, s*ee Campbell*, 447 Fed. Appx. at 27 (explaining that it had "not yet considered whether *Magwood* permits a petitioner who received an intervening judgment to attack the unaltered prior conviction"); *In re Martin*, 398 Fed. Appx. 326, 327 (10th Cir. 2010) (Hartz, J., dissenting) (explaining that the *Magwood* court "left open the possibility that if an amended judgment revises only the sentence and not the conviction, a second challenge to the underlying conviction" may still be considered second or successive but failing to reach the issue in that case), and the Tenth Circuit has not weighed in. However, the majority of

---

[3] In its brief, the United States did not challenge or discuss either of these two issues. Instead, it argued that *Magwood* is factually distinguishable from the instant case.

9

circuits have rejected the argument advanced by the United States and have held that the *Magwood* rule applies regardless of whether the second petition challenges aspects of the resentencing proceeding (as in *Magwood*) or challenges aspects of an underlying conviction that was not altered by the amended judgment (as in this case). *See Wentzell v. Neven*, 674 F.3d 1124, 1128 (9th Cir. 2012) (finding that a petition was not second or successive due to the mere presence of a new, intervening judgment, even where the amended judgment did not alter the convictions or sentences being challenged in the habeas petition); *Johnson v. United States*, 623 F.3d 41, 46 (2d Cir. 2010) ("It follows that, where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both."); *Martin v. Bartow*, 628 F.3d 871, 877-78 (7th Cir. 2010) (observing that *Magwood* permitted challenges that could have been raised previously and was not limited to alleged errors in the resentencing proceedings); *Campbell*, 447 Fed. Appx. at 27 (finding that petitioner who received an intervening judgment revising his sentence could, based on *Magwood*, also attack the unaltered prior conviction and remanding to district court for reconsideration of the petitioner's Rule 60(b) motion). *But see In re Lampton*, 667 F.3d 585, 588-89 (5th Cir. 2012) (factually distinguishing *Johnson* on grounds that the district court's amended judgment merely vacated a lesser included offense, did not impact the conviction and sentence for the greater offense, and that there was therefore "no new, intervening judgment to trigger the operation of *Magwood*").

The Court concludes that the *Magwood* rule applies to the facts presented here. First, the Court follows the majority of circuits holding that a new judgment is sufficient to trigger the *Magwood* rule, even where the second-in-time § 2255 motion raises arguments challenging an underlying conviction that was not altered by the new judgment. The plain language of *Magwood*

10

seems to dictate this result. *See Magwood*, 130 S. Ct. at 2797, 2802 (holding that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged[,]" and that, where "there is a new judgment intervening between the two habeas petitions, . . . an application challenging the resulting new judgment is not 'second or successive' at all"). Second, this case does not fall into a limited exception created by the Tenth Circuit for amended judgments that merely correct a clerical or typographical error. *Cf. In re Martin*, 398 Fed. Appx. at 327.[4] Instead, Judge Cook conducted an entirely new sentencing proceeding, made new drug quantity findings, and entered a new judgment. Finally, in this case, the "first in time" § 2255 motion (the 1990 § 2255 Motion) was filed during the pendency of the direct appeal, and the resentencing proceedings were held following a direct appeal rather than a successful habeas petition. The Court believes this fact weighs against making any exceptions to the *Magwood* rule and in favor of construing the 1997 § 2255 Motion as a first collateral attack of the 1992 Judgment. Therefore, under *Magwood*, the 1997 § 2255 Motion was the first § 2255 motion filed after the 1992 Amended Judgment and may not be considered a "second or successive motion" under 28 U.S.C. § 2255(h).

Because *Magwood* applies retroactively, this change in law constitutes "extraordinary circumstances" warranting vacating Judge Cook's classification of the 1997 § 2255 Motion as second or successive. Further, the Rule 60(b) motion was filed within a reasonable time following the *Magwood* decision, particularly based upon Harris's *pro se*, prisoner status. The Court therefore vacates the decision by Judge Cook to transfer the 1997 § 2255 Motion to the Tenth Circuit and will

---

[4] This appears to be the only Tenth Circuit discussing *Magwood*. In his dissent in *In re Martin*, Judge Hartz grudgingly concluded that the *Magwood* rule was triggered based on any amended judgment, even one merely correcting a clerical error. *Id.* at 328 (Hartz, J., dissenting). Judge Hartz cautioned that the *Magwood* rule "will dog the courts for some time" and "would seem to deserve prompt attention by the Judicial Conference." *Id.*

11

now consider such motion on the merits. In order to do so, the Court orders additional briefing from the United States addressing the arguments raised in the § 1997 § 2255 Motion.

## IV. Substantive Claims

For reasons explained above, the 1997 § 2255 Motion was a timely, valid collateral attack of the 1992 Judgment.[5] Therefore, any subsequent challenges to the conviction or sentence – including the Substantive Claims – are second or successive collateral attacks over which this Court lacks jurisdiction, absent certification from the Tenth Circuit. *See* 28 U.S.C. § 2255(h).

Where, as here, a defendant has not obtained such certification, the district court may either dismiss the successive motion for lack of jurisdiction, or, if it is in the interest of justice, transfer the matter to the appellate court pursuant to 28 U.S.C. 1631. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). The district court should consider the following factors in deciding whether a transfer is in the interest of justice:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

---

[5] The United States concedes that the 1997 § 2255 Motion, which was filed April 16, 1997, was timely. As explained in the United States' response brief, Harris had until expiration of the Antiterrorism and Effective Death Penalty Act of 1996's one-year grace period, or until April 24, 1997, to seek collateral review of the 1997 Amended Judgment.

12

A.      **Ineffective Assistance and Minor Participant Claims**[6]

The United States argues that the Court should dismiss the Ineffective Assistance and Minor Participant Claims, rather than transfer them, because (1) they are time-barred, (2) they do not relate back to the 1997 § 2255 Motion, and (3) Harris is not entitled to equitable tolling. The Court agrees. As explained *supra* note 5, Harris had until April 24, 1997 to file a § 2255 motion challenging the 1992 Amended Judgment. He did so, but he did not raise the Ineffective Assistance and Minor Participant Claims. Instead, such arguments were raised for the first time in 2011 and are therefore time-barred.

Further, these arguments do not "relate back" to the 1997 § 2255 Motion because they add new claims and insert new theories into such motion, rather than merely clarify or amplify claims already raised in the motion. *See United States v. Espinoza-Saenz*, 235 F.3d 501, 504-05 (10th Cir. 2000) (holding that proposed amendment to § 2255 motion may relate back if it does not seek to add a new claim or insert a new theory). The 1997 § 2255 Motion raised four claims of ineffective assistance of counsel during trial, while the current claims relate to the 1992 resentencing proceedings. These are clearly new claims that are distinct in time and type from the claims originally asserted in the 1997 § 2255 Motion.

Finally, Harris is not entitled to equitable tolling because he cannot demonstrate that he diligently pursued these new claims but failed to timely file due to "extraordinary circumstances beyond his control." *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Harris filed a timely § 2255 motion following the 1992 Amended Judgment. The Ineffective Assistance and

---

[6] The United States did not address the Recency Points Claim. However, this argument is clearly raised in Harris's motion and will be addressed by the Court in Part IV.B.

Minor Participant Claims relate to the 1992 resentencing proceedings and were known or could have been known to Harris at the time of filing the 1997 § 2255 Motion. Accordingly, the Ineffective Assistance and Minor Participant Claims are time-barred and are dismissed for lack of jurisdiction.

**B.     Recency Points Claim**

This claim is based on 2010 amendments to § 4A1.1(e) of the United States Sentencing Guidelines, also known as Amendment 742. The Court exercises its discretion to dismiss this claim, rather than transfer it, because such claim is not likely to have merit. Amendment 742 does not have retroactive effect and therefore cannot have any effect upon the 1992 Amended Judgment. *See Tolen v. United States*, No. 10-C-7228, 2011 WL 37845, at * 6 (N.D. Ill. Jan. 5, 2011) (denying § 2255 motion based on Amendment 742 because such amendment was not made retroactive by the Sentencing Commission); *Ortiz v. Cross*, No. 3:123-CV-317, 2012 WL 3646043, at * 1 (S.D. Ill. Aug. 23, 2012) ("[T]he November 1, 2010 amendment to § 4A1.1(e) was not intended to apply retroactively.").

**V.     Conclusion**

Petitioner's Motion Pursuant to Rule 60(b)(6) to Reopen the Judgment/Order Entered Under Title 28 U.S.C. § 2255 (Doc. 409) is GRANTED in part and DENIED in part. With respect to the Procedural Claim, the motion is GRANTED. The Court hereby vacates Judge Cook's classification of the 1997 § 2255 Motion as second or successive and reopens those § 2255 proceedings. The United States is ordered to file a substantive response to the 1997 § 2255 Motion no later than February 15, 2013. No reply shall be permitted.

With respect to the Substantive Claims, the Court lacks jurisdiction over such claims because they are second or successive to the 1997 § 2255 Motion. The Court exercises its discretion to

14

dismiss such claims, rather than transfer them to the Tenth Circuit, because they are time-barred or unlikely to have merit.

Petitioner's Motion to Proceed In Forma Pauperis (Doc. 410) and Motion for Ruling (Doc. 427) are DENIED as moot.

**SO ORDERED** this 27th day of December, 2012.

_/s/ Terence Kern_
**TERENCE KERN**
**United States District Judge**